United States District Court
District of South Carolina

| | |
|---|---|
| Jernard E. Rice, #18900-056; ) | C/A No.4:05-3356-GRA-TER |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| M. Pettiford, Warden, Bennettsville Federal Correctional ) | |
| Institution (FCI-Bennettsville); ) | |
| ) | |
| Respondent. ) | |
| ) | |

The Petitioner, Jernard Rice (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, has filed this action as a request for *habeas corpus* relief under Title 28 United States Code section 2241. Specifically, Petitioner claims that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(b)(3). The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C.

### BACKGROUND

Petitioner entered a guilty plea to narcotics charges and was sentenced to 188 months imprisonment in the U.S. District Court for the Eastern District of North Carolina. See U.S. v. Ratley, et al., 5:01-00049-2 (E.D.N.C. 2001). His Motion to Vacate Sentence under 28 U.S.C. § 2255 was denied in the trial court. See Rice v. U.S., 5:02-00169 (E.D.N.C. 2002), *aff'd* 47 Fed. Appx. 683 (4th Cir. 2002). Petitioner subsequently filed two applications in the United States Court of Appeals for the Fourth Circuit for leave to proceed with successive § 2255 motions, both of which were denied. See In re: Jernard Rice, 05-329 (4th Cir. 2005); In re:

Jernard Rice, 04-101 (4th Cir. 2004).  It is not known what issues Petitioner sought to raise in these applications.  Petitioner is now incarcerated at the Bennettsville Federal Correctional Institution (FCI-Bennettsville) in Bennettsville, South Carolina, and seeks relief under 28 U.S.C. § 2241 in this Court.

## *PRO SE* PETITION

Since Petitioner is a *pro se* litigant his pleadings are accorded liberal construction and held to a less stringent standard than those drafted by attorneys.  Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).  Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.

A careful review has been made of Petitioner' petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: Denton v. Petitioner, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

## **RELIANCE ON § 2241 IS MISPLACED**

Since the passage of § 2255, resort to § 2241 has been allowed only in limited situations such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, United

2

States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130 (7th Cir. 1991).  Petitioner reasons that because he was not a Career Offender, when sentenced in the Eastern District of North Carolina, any sentence beyond a range from seventy to eight-seven (70-87) months is an unconstitutional imprisonment beyond the expiration of his sentence.

More importantly, Petitioner argues that because he is "actually innocent" and is not a Career Offender, a § 2255 petition would be inadequate and ineffective to test of legality of his incarceration.  Therefore, he believes he is entitled to file a § 2241 petition.  Petitioner invokes the so-called § 2255 "savings clause" which permits resort to § 2241 (or other remedy) if the procedure under § 2255 is "inadequate or ineffective to test the legality of his detention."

The operation of the "savings clause" has been discussed by several Circuit Courts of Appeal.  See Triestman v. United States, 124 F. 3d 361 (2nd Cir. 1997);  In re Dorsainvail, 119 F. 3d 245 (3rd Cir. 1997) and United States v. Lorentsen, 106 F. 3d 278 (9th Cir. 1997).  These various petitioners invoked the "savings clause" either on the ground that "new constitutional law" required certification by the Court of Appeals (Dorsainvail and Lorentsen) or that *habeas corpus* relief was required on the basis of "actual innocence"  (Triestman).   The petitioner in Triestman had suggested a factual predicate (independent of any arguable trial errors) for his claim of actual innocence.

Petitioner relates that the sentencing court relied upon three predicate offenses in finding him a Career Offender: (1) a conviction for a crime of violence; and (2) two prior drug convictions.  The facts underlying Petitioner's predicate offenses are not known and are not relevant to the present § 2241 petition.  Petitioner says that his trial counsel withdrew objections

3

to a pre-sentencing investigative report that listed all three convictions. The trial court then determined that sentencing as a Career Offender was appropriate.

In this action, Petitioner claims that his two drug convictions were actually merged into a single conviction in North Carolina state court. Assuming that such a merger occurred, it still would not change the result under U.S.S.G. § 4B1.1. Petitioner's single conviction for a crime of violence, combined with a single controlled substance offense, would meet the requirement for two predicate felony convictions.[1]

Petitioner argues, however, that his controlled substance conviction was extinguished by Lynn v. West, 134 F. 3d 582 (4th Cir. 1998), thereby disqualifying him for a Career Offender sentence. Lynn was a challenge to the North Carolina Controlled Substance Tax (Drug Tax) N.C. Gen. State. §§ 105-113.105 through 105-113.113 which imposed a special excise tax on "dealers" illegally possessing specified quantities of a controlled substance. 134 F. 3d at 583. The Fourth Circuit determined that the Drug Tax amounted to a criminal penalty under Department of Revenue v. Kurth Ranch, 511 U.S. 767 (1994) and therefore imposed constitutionally impermissible additional punishment upon persons who had been convicted of controlled substance offenses. 134 F. 3d at 595.

Petitioner's exhibits reveal that in 1997 he received a Notice of Tax Assessment under the Drug Tax statute. He argues that Lynn, decided the next year, abated his drug conviction. This argument is not persuasive. Even if Lynn applied to Petitioner's tax assessment, it would serve only to abate the assessment not the underlying controlled substance conviction. The

---

[1] – Petitioner does not dispute the sentencing court determination that his predicate offenses were felony convictions under the law of North Carolina.

argument, therefore, has no merit.[2]

Petitioner has demonstrated no reason for this Court to entertain the present petition under 28 U.S.C. § 2241.  Instead, he should apply for pre-filing authorization (PFA) from the United States Court of Appeals for the Fourth Circuit to proceed with a successive § 2255 motion in the sentencing court.  Whether or not United States v. Maybeck, 23 F.3d 888 (4th Cir.1994) allows a further collateral attack based on Petitioner's claim of "actual innocence" is a matter to be resolved by the Fourth Circuit Court of Appeals upon Petitioner's application.  Similarly, Petitioner's claim that "newly discovered evidence" justifies a successive § 2255 motion – that is, trial counsel's decision not to raise the "tax assessment" issue in the sentencing court – should be presented to the Fourth Circuit in such an application and not to this Court.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Petition herein be dismissed without prejudice and without issuance of service of process.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have a duty to screen *habeas corpus* petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The Petitioner's attention is directed to the notice on the next page.

                                             Respectfully Submitted,
                                             s/Thomas E. Rogers, III
                                             Thomas E. Rogers, III
                                             United States Magistrate Judge

December 22, 2005
Florence, South Carolina

---

[2] – There is reason to doubt that Lynn would apply to Petitioner's case, because that decision rested upon the Drug Tax as it existed prior to amendment in 1995.  This and other subsequent amendments were noted by the Fourth Circuit in Nivens v. Gilchrist, 319 F. 3d 151, 156 (4th Cir. 2003).  In Nivens the Fourth Circuit declined to determine whether the "post-1995" Drug Tax constituted a criminal penalty.

5

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**
