UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jernard E. Rice, #18900-056<br><br>    Petitioner,<br><br> v.<br><br>M. Pettiford, Warden, Bennettsville Federal Correctional Institution (FCI - Bennettsville),<br><br>    Respondent. | C/A No. 4:05-3356-GRA-TER<br><br>ORDER<br>(Written Opinion) |

  This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed December 22, 2005. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate recommends dismissing the petition without prejudice and without issuance of service of process.

  Petitioner entered a guilty plea to narcotics charges and was sentenced to 188 months imprisonment in the U.S. District Court for the Eastern District of North Carolina. *See U.S. v. Ratley, et al.*, 5:01-00049-2 (E.D.N.C. 2001). His Motion to Vacate Sentence under 28 U.S.C. § 2255 was denied in the trial court. *See Rice v. U.S.*, 5:02-00169 (E.D.N.C. 2002), *aff'd* 47 Fed. Appx. 683 (4th Cir. 2002). Petitioner subsequently filed two applications in the United States Court of Appeals for

1

the Fourth Circuit for leave to proceed with successive § 2255 motions, both of which were denied. *See In re: Jernard Rice*, 05-329 (4th Cir. 2005); *In re: Jernard Rice*, 04-101 (4th Cir. 2004). Petitioner is now incarcerated at the Bennettsville Federal Correctional Institution (FCI-Bennettsville) in Bennettsville, South Carolina, and seeks relief under 28 U.S.C. § 2241 in this Court.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the

2

objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the magistrate's Report and Recommendation on January 10, 2006.

Petitioner raises seven objections to the magistrate's Report and Recommendation.  These objections can be summarized into the following two claims of error: 1) Petitioner's reliance on § 2241 is not misplaced; and 2) Petitioner is actually innocent of being a Career Offender pursuant to *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998).

Petitioner objects to the magistrate's finding that Petitioner's reliance on §2241 is misplaced.  Petitioner argues that he is properly invoking the savings clause under § 2255, which permits him to bring a § 2241 petition when § 2255 is inadequate to test his claim of "actual innocence" of being a Career Offender.

3

Accordingly, the threshold question in this case is whether Petitioner's claims are properly raised in this Court through a § 2241 habeas petition.  Typically, § 2241 is used to challenge the manner in which a sentence is executed.  *See In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).  A motion filed pursuant to 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).  According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."  *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).

Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause."  *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy by a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.  The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). It is settled in this circuit that the possibility that a § 2255 petition filed by a prisoner might be found as successive does not render the § 2255 remedy inadequate or ineffective.

4

*See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*).

Petitioner's unsupported statement that he "was/is actually innocent" of the "enhanced" crime for which he was convicted and sentenced does not require this Court to consider the merits of his petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 139 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, i.e., where they wish to raise "new" issues that weren't raised in any prior § 2255 motion they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must

5

"support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. United States*, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

Petitioner's "actual innocence" claim is based on his assertion that the Court improperly sentenced him to an enhanced time by reliance on a controlled substance conviction that was extinguished by *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998). A similar claim of "actual innocence" of an enhanced sentence was recently considered and rejected by the Fifth Circuit in *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000), where the court stated,

> Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. . . . . Kinder's argument that he is actually innocent of being a career offender . . . , however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). . . . Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. . . . Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted. In contrast, Kinder argues that . . . his conviction of conspiracy cannot

6

>support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.

222 F.3d at 213-14 (citations and footnotes omitted).

In sum, as in *Kinder*, nothing in this case presents more than an unsupported allegation of "actual innocence " which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000). Therefore, Petitioner's objection is without merit.

Petitioner's second major objection is to the magistrate's finding that *Lynn* does not abate his drug conviction. *Lynn* was a challenge to the North Carolina Controlled Substance Tax (Drug Tax) N.C. Gen. State. §§ 105-113.105 through 105-113.113 which imposed a special excise tax on "dealers" illegally possessing specified quantities of a controlled substance. 134 F. 3d at 583. The Fourth Circuit determined that the Drug Tax amounted to a criminal penalty under *Department of Revenue v. Kurth Ranch*, 511 U.S. 767 (1994) and therefore imposed constitutionally impermissible additional punishment upon persons who had been convicted of controlled substance offenses. 134 F. 3d at 595. Petitioner's exhibits reveal that in 1997 he received a Notice of Tax Assessment under the Drug Tax statute. He argues that *Lynn*, decided the next year, abated his drug conviction. As the magistrate correctly found, this argument is not persuasive. Even if *Lynn* applied to Petitioner's tax assessment, it would serve only to

7

abate the assessment, not the underlying controlled substance conviction. The argument, therefore, has no merit.

It is the finding of this Court that all of Petitioner's objections are without merit. After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice and without issuance of service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January   19  , 2006

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.